IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HUNTER'S MANUFACTURING COMPANY, INC.<br>1325 Waterloo Rd.<br>Suffield, Ohio 44260<br><br>          Plaintiff,<br><br>          v.<br><br>SA SPORTS, LLC<br>1337 N. Nelson Street Unit B<br>Allentown, PA 18109<br><br>          Defendant. | Civil Action No.: 1:16-CV-3075<br><br>JUDGE:<br><br><br><br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br>**JURY DEMAND ENDORSED HEREON** |

NOW COMES Plaintiff, Hunter's Manufacturing Company, Inc., for its Complaint against Defendant, SA Sports, LLC, and alleges and states as follows:

**PARTIES**

1. Plaintiff, Hunter's Manufacturing Company, Inc. (dba TenPoint Crossbow Technologies), is a Nevada corporation having a principal place of business located at 1325 Waterloo Rd., Suffield, Ohio 44260.

2. Defendant, SA Sports, LLC, is a Delaware limited liability company having a principal place of business located at 1337 N. Nelson Street Unit B, Allentown, PA 18109. Defendant lists a registered agent in Delaware as United States Corporation Agents, Inc., 300 Delaware Ave., Ste. 210-A, Wilmington, De 19801.

## JURISDICTION AND VENUE

3. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has subject matter jurisdiction in this matter pursuant to: 28 U.S.C. §1331 and §1338(a) and 35 U.S.C. §281 because this action arises under the patent laws of the United States; 28 U.S.C. §1331.

5. This Court has personal jurisdiction over Defendant by virtue of, among other things, Defendant's contacts with the state of Ohio including, but not limited to, the sale of products within the state of Ohio and from causing tortious injury to Plaintiff in this district and this state and in this district and state by acts outside of this state.

6. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. §1391(b), (c), and 28 U.S.C. §1400(b).

## BACKGROUND FACTS

7. Plaintiff is a leading manufacturer and seller of crossbows.

8. Plaintiff is a leader in the crossbow industry and is the owner of several patents, including, but not limited to, its family of "Narrow Crossbow" U.S. Patents listed as follows:

    a. 8,191,541

    b. 8,439,025

    c. 8,469,012

    d. 8,479,719

    e. 8,763,595

    f. 8,794,225

    g. 9,255,758

    h. 9,506,716

all entitled *Narrow Crossbow with Large Power Stroke* (collectively, "the Narrow Crossbow Patents"). A true and accurate copy of each of the Narrow Crossbow Patents is attached herein as Exhibits A through H.

9. At all times, the Narrow Crossbow Patents have been assigned to Plaintiff.

10. The Narrow Crossbow Patents are patents for a novel and nonobvious crossbow.

11. Upon information and belief, Defendant is a seller and importer of crossbows and is a competitor of Plaintiff in the crossbow industry.

12. Defendant offers for sale and sells at least the crossbows having the following names: Empire Aggressor, Empire Bane, Empire Beowulf, Empire Dragon and Vendetta (collectively, "Defendant's Infringing Crossbows"), which are the subject of this Complaint. (Other crossbows that Defendant may have sold but no longer sells that Plaintiff is unaware of may be added once Plaintiff conducts discovery.)

13. On January 7, 2014 at the Archery Trade Association Show ("the 2014 ATA Show") Plaintiff notified Defendant of the issuance of the Narrow Crossbow Patents and placed Defendant on notice that several of its crossbows infringed U.S. Patent Nos. 8,191,541; 8,439,025; 8,469,012 and 8,479,719.

14. On January 28, 2014, Plaintiff sent Defendant a letter requesting a response to, *inter alia*, Defendant's infringement of U.S. Patent Nos. 8,191,541; 8,439,025; 8,469,012 and

8,479,719. A true and correct copy of the letter e-mailed to Mr. Mark Ambrose is attached herein as Exhibit I.

15. At the 2015 ATA Show, Plaintiff approached Defendant's booth regarding infringement of the then-issued Narrow Crossbow Patents and Defendant's President/CEO, Mark Ambrose, asked Plaintiff's representatives to leave Defendant's booth.

16. To date, Defendant has never responded to any of Plaintiff's allegations of patent infringement of the Narrow Crossbow Patents.

17. Defendant's Infringing Crossbows list certain information, such as draw weight, speed, power stroke distance and wheel distance (cocked and uncocked) that is publicly available from Defendant's website, www.sa-sports.com. A listing of such publicly available information on Defendant's website of Defendant's Infringing Crossbows is attached herein as Exhibit J.

18. Defendant's Infringing Crossbows have a main beam.

19. Defendant's Infringing Crossbows have a bow assembly that is mounted directly or indirectly to the main beam.

20. Defendant's Infringing Crossbows have a bowstring that is operatively connected to the bow assembly.

21. Defendant's Infringing Crossbows have a powerstroke distance of at least ten (10) inches.

22. Defendant's Infringing Crossbows have a pair of bow limbs.

23. Defendant's Infringing Crossbows have a pair of bow limbs that are spaced-apart to allow a user's foot to be inserted therebetween.

24. Defendant's Infringing Crossbows have at least one bow limb whose length is equal to or less than twelve (12) inches.

25. Defendant's Infringing Crossbows have bow limbs that have a hinge point.

26. Defendant's Infringing Crossbows have a riser.

27. Defendant's Infringing Crossbows have a riser with limb receiving surfaces.

28. Defendant's Infringing Crossbows have an opening in the riser that is able to receive a portion of a user's foot.

29. Defendant's Infringing Crossbows have wheels (or cams) that receive a bowstring.

30. Defendant's Infringing Crossbows have a distance between the wheels (or cams) that is twenty-four (24) inches or less.

31. Defendant's Infringing Crossbows have a wheel that is supported directly or indirectly by a bow limb.

32. Defendant's Infringing Crossbows have a wheel that is pivotal with respect to a bow limb about a pivot axis, such that, the pivot axis is perpendicular to the ground surface when an arrow is propelled from the crossbow.

33. Defendant's Infringing Crossbows have a trigger.

34. Defendant's Infringing Crossbows have a wheel distance to powerstroke distance ratio of less than 1.8.

35. Defendant's Infringing Crossbows have a draw weight greater than 87 pounds.

36. Defendant's Infringing Crossbows are able to store at least 1000 in-lbs of energy.

37. Defendant's Infringing Crossbows are horizontal crossbows.

38. Defendant's Infringing Crossbows have a foot stirrup.

39. Defendant's Infringing Crossbows have a foot stirrup that is indirectly mounted to a main beam.

40. Defendant's Infringing Crossbows have a foot stirrup that is mounted directly to a riser.

41. Defendant's Infringing Crossbows have a foot stirrup that begins behind the bow limbs and extends beyond the bow limbs.

42. Defendant's Infringing Crossbows have a foot stirrup whose foot is insertable into the foot stirrup to support the crossbow for cocking.

CLAIM FOR RELIEF
Patent Infringement
(35 U.S.C. §271)

43. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully set forth herein.

44. Defendant has infringed, and induced infringement of, the Narrow Crossbow Patents by making, having made, using, offering for sale, selling, and/or importing Defendant's Infringing Crossbows.

45. Defendant's Infringing Crossbows infringe <u>at least</u> claim 1 of each of the Narrow Crossbow Patents.

46. Defendant's infringement of the Narrow Crossbow Patents have injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement.

47. Defendant's infringement is and, at all times, has been deliberate, willful, and wanton, and as a result, Plaintiff is entitled to treble damages pursuant to 35 U.S.C. §284.

48. This is an exceptional case within the meaning of 35 U.S.C. §285, and the award of appropriate attorneys' fees is justified.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Hunter's Manufacturing Company, Inc., prays for a judgment against Defendant, SA Sports, LLC, as follows:

A. That Defendant be directed to fully compensate Plaintiff for all losses attributable to Defendant's infringement of the Narrow Crossbow Patents including, but not limited to, actual, compensatory, and punitive damages in an amount according to proof at trial;

B. The trebling of damages because of the knowing, willful, and wanton nature of Defendant's conduct;

C. An assessment of interest, pre- and post-, on all damages computed;

D. An award of Plaintiff's attorneys' fees and costs in this action under 35 U.S.C. §285;

E. Plaintiff prays that this Court enter an Order against Defendant as follows:

1. A preliminary injunction enjoining Defendant from making, having made, using, offering for sale, selling, and/or importing Defendant's Infringing Crossbows and any other crossbow that Defendant may, through further discovery, find infringes the Narrow Crossbow Patents;

2. A permanent injunction enjoining Defendant from making, having made, using, offering for sale, selling, and/or importing Defendant's Infringing Crossbows and any

    other crossbow that Defendant may, through further discovery, find infringes the Narrow Crossbow Patents;

3. An accounting for damages resulting from Defendant's patent infringement and inducing infringement by users of the Defendant's Infringing Crossbows and any other crossbow that Defendant may, through further discovery, find infringes the Narrow Crossbow Patents and the trebling of such damages because of the knowing, willful, and wanton nature of Defendant's conduct, and,

4. That Defendant be ordered to deliver to Plaintiff, for destruction at Plaintiff's option, all products that infringe the Narrow Crossbow Patents.

F. Such other and further relief as the Court may deem just and equitable.

    Respectfully submitted,

    **EMERSON THOMSON BENNETT**

    */s/ John M. Skeriotis*
    John M. Skeriotis (Ohio Bar No. 0069263)
    Sergey Vernyuk (Ohio Bar No. 0089101)
    1914 Akron-Peninsula Rd.
    Akron, Ohio  44313
    (330) 434-9999
    (330) 434-8888 Facsimile
    E-mail: jms@etblaw.com
    *Attorneys for Plaintiff, Hunter's Manufacturing Company, Inc.*

## **DEMAND FOR JURY TRIAL**

  Plaintiff, Hunter's Manufacturing Company, Inc., hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| December 27, 2016 | */s/ John M. Skeriotis* |
| Date | John M. Skeriotis, Esq. |
| | *One of the Attorneys for Plaintiff Hunter's* |
| | *Manufacturing Company, Inc.* |